**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOHN PAUL THOMAS,

    Petitioner,

v.                                                       No. CV 10-0209 JH/RHS

GEORGE TAPIA,
WAYNE GALLEGOS,

    Respondents.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP"), filed with his petition for extraordinary writ of mandamus. Petitioner is incarcerated and appears pro se. A mandamus proceeding is a civil action for purposes of review under § 1915, *see Cauthon v. Rogers*, 116 F.3d 1334, 1336 (10th Cir. 1997); *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996), and under the three-strikes provisions of § 1915(g), the Court will deny Petitioner's IFP motion.

Petitioner has filed a number of complaints in this Court, at least three of which have been dismissed. *See Thomas v. Barela*, No. CV 08-0427 MV/LAM, slip ord. (D.N.M. June 30, 2009) (dismissing for failure to state a claim); *Thomas v. Supreme Court of the State of New Mexico*, No. CV 08-1178 WJ/DJS, slip ord. (D.N.M. Mar. 16, 2009) (dismissing for failure to state a claim and lack of jurisdiction); *Thomas v. Williams*, No. CV 09-0910 MCA/GBW, slip ord. (D.N.M. Feb. 3, 2010) (dismissing for failure to state a claim). "We take judicial notice that [Petitioner] has had three actions or appeals in courts of the United States dismissed as frivolous or malicious." *Green*

*v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) (citing *St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

The provisions of 28 U.S.C. § 1915(g) prohibit a prisoner from prosecuting a civil action in forma pauperis if three or more previous complaints filed by the prisoner have been dismissed as frivolous or for failure to state a claim. The pertinent subsection reads:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous . . . or fails to state a claim . . . , unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). Under these statutory factors, each of the dismissals described above counts as a strike, *see, e.g., Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (per curiam), and the Court will deny Petitioner's IFP motion. Petitioner must pay the filing fee, *see Pigg v. FBI*, 106 F.3d 1497, 1497 (10th Cir. 1997), or show cause why his petition should not be dismissed, *see Owens-El v. United States*, 49 F. App'x 247, 249 (10th Cir. 2002). Failure to comply with this order may result in dismissal of the petition.

IT IS THEREFORE ORDERED that Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is DENIED; and, within twenty-one (21) days from entry of this order, Petitioner must pay the $350.00 filing fee or show cause why his petition should not be dismissed.

_____
UNITED STATES DISTRICT JUDGE